No. A–320. MOORE v. UNITED STATES. Application for bail, addressed to JUSTICE BLACKMUN and referred to the Court, denied.

No. 119, Orig. CONNECTICUT ET AL. v. NEW HAMPSHIRE. Motion to file bill of complaint granted. Defendant is allowed 60 days in which to file an answer. THE CHIEF JUSTICE and JUSTICE SCALIA would set the motion for oral argument. JUSTICE SOUTER took no part in the consideration or decision of this motion.

No. 90–1604. MORALES, ATTORNEY GENERAL OF TEXAS v. TRANS WORLD AIRLINES, INC., ET AL. C. A. 5th Cir. [Certiorari granted, *ante*, p. 976.] Motion of the Acting Solicitor General for leave to participate in oral argument as *amicus curiae* and for divided argument granted.

No. 90–6297. WILLIAMS v. UNITED STATES. C. A. 7th Cir. [Certiorari granted, 499 U. S. 918.] The parties are directed to file supplemental memoranda after argument addressing the following questions:
"1. When a district court departs from a properly constructed sentencing guideline range, and it relies on a factor disapproved by a policy statement that guides departures, has the district court for that reason or otherwise made an 'incorrect application of the sentencing guidelines' within the meaning of 18 U. S. C. §§ 3742(e)(2) and (f)(1)?
"2. Are the appellate 'decision and disposition' provisions, subsections (f)(1) and (f)(2) of 18 U. S. C. § 3742, which group the separate considerations of § 3742(e), mutually exclusive?
"3. When a district court bases a departure decision on an aggravating or mitigating circumstance that the court of appeals later determines is improper under 18 U. S. C. § 3553(b), has the district court imposed a sentence 'in violation of law' within the meaning of §§ 3742(e)(1) and (f)(1)?"
The briefs are to be filed simultaneously with the Clerk on or before Friday, February 14, 1992.